United States District Court
for the
Southern District of Florida

| Keaira Cain, Plaintiff | ) |
| | ) |
| v. | ) Civil Action No. 18-20482-Civ-Scola |
| | ) |
| Burger King Corporation, Defendant | ) |

**Order on Motion to Dismiss**

This matter is before the Court upon Defendant Burger King Corporation's ("Burger King") motion to dismiss (ECF No. 16) Count II of Plaintiff Keaira Cain's Amended Complaint (ECF No. 13). For the reasons set forth below, the Court **grants** Burger King's motion (**ECF No. 16**).

1. **Background**

Burger King hired Cain as a shift coordinator on September 20, 2013. (Am. Compl. ¶ 19, ECF No. 14.) On or about May 6, 2014, Cain's daughter was diagnosed with septo-optic dysplasia and considered legally blind. (*Id.* at ¶ 22.) The next day, Cain informed Burger King of her daughter's diagnosis. (*Id.* at ¶ 23.) Burger King's district manager questioned Cain about how she planned to take care of her daughter and maintain her work schedule. (*Id.* at ¶ 27.) Cain was also prevented from working. (*Id.* at ¶¶ 25, 30.) On May 19, 2014, Burger King terminated Cain. (*Id.* at ¶ 31.)

On February 7, 2018, Cain filed the instant lawsuit against Burger King. After Burger King filed its initial motion to dismiss (ECF No. 12), Cain filed her Amended Complaint (ECF No. 14). In it, Cain claims that Burger King discriminated against her and terminated her in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, (Count I) and in violation of the Florida Civil Rights Act ("FCRA"), Fla. Stat § 760.01, *et seq.*, (Count II) because of her association with her disabled daughter. Burger King now moves for the Court to dismiss Cain's FCRA claim with prejudice for failure to state a claim. (Mot., ECF No. 16.)

2. **Legal Standard**

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept all of the complaint's allegations as

true, construing them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). A pleading need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). A plaintiff must articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Thus, a pleading that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not survive dismissal. *See Twombly*, 550 U.S. at 555.

### 3. Analysis

The FCRA makes it unlawful for employers to discharge or otherwise discriminate against an individual "with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, pregnancy, national origin, age, handicap, or marital status." Fla. Stat § 760.10(1)(a).[1] The ADA likewise prohibits this type of discrimination, *see* 42 U.S.C. § 12112(a), but also extends its protections to individuals who have been excluded or otherwise denied equal jobs or benefits "because of the known disability of an individual with whom the qualified individual is known to have a relationship or association." 42 U.S.C. § 12112(b)(4).

Cain alleges in her complaint that Burger King violated the FCRA by discriminating against her and terminating her based on her daughter's disability. Burger King argues that the FCRA, unlike the ADA, does not provide protections against association discrimination. Burger King cites to two cases from the Middle District of Florida in which the district court rejected attempts by plaintiffs to assert claims similar to Cain's claim. Cain responds that

---

[1] During Cain's employment, the FCRA did not include a protection against discrimination on the basis of pregnancy. *See* Fla. Stat. § 760.01, *et seq.* (1992). The FCRA was amended in 2015 to include an explicit prohibition against discrimination based on pregnancy. *See* Fla. Stat. § 760.01, *et seq.* (2015).

although there is no explicit provision in the FCRA that prohibits association discrimination, the Court should construe the FCRA liberally and in conformity with the ADA. (Resp., ECF No. 21.)

The Court agrees with Burger King, and declines Cain's invitation to create Florida law. First, "a statute's plain language controls unless it is 'inescapably ambiguous.'" *Stansell v. Revolutionary Armed Forces of Colombia*, 704 F.3d 910, 915 (11th Cir. 2013) (quoting *United States v. Veal*, 153 F.3d 1233, 1245 (11th Cir. 1998)). The FCRA's plain language does not include a provision that mirrors the ADA's provision that protects against association discrimination. Although the FCRA is generally construed in conformity with the ADA, *see Albra v. Advan, Inc.*, 490 F.3d 826, 835 (11th Cir. 2007), that does not mean that the Court can stretch the text of the FCRA to mirror the ADA's protections without a basis to do so. *See Stansell*, 704 F.3d at 917 ("Similarities between laws, however, do not make them the same law.").

Further, the FCRA's directive that it "shall be liberally construed to further the general purposes" of the statute, *see* Fla. Stat. § 760.01(3), does not give the Court unlimited power to draft Florida law. Cain has not attempted to explain how the FCRA can be read to include a protection against association discrimination and has failed to provide the Court with any evidence that the Florida legislature intended to protect against association discrimination. Moreover, Cain did not cite, nor has the Court located, a case in which a Florida court interpreted the FCRA to include such a protection.

To the extent Cain relies on the Florida Supreme Court's opinion in *Delva v. Control Group, Inc.*, 137 So. 3d 371 (Fla. 2014) to persuade the Court to liberally construe the FCRA beyond its own limitations, the Court is unconvinced. The Florida Supreme Court in *Delva* was deciding whether the FCRA's prohibition against sex discrimination encompassed discrimination on the basis of pregnancy. *Delva*, 137 So. 3d at 371–72. The Florida Supreme Court concluded that discrimination based on pregnancy "is subsumed within the prohibition in the FCRA against discrimination based on an individual's 'sex.'" *Id.* at 375. In reaching its holding, the Florida Supreme Court interpreted a provision that was already part of the FCRA and considered legislative intent. It was not liberally construing the statute to create a whole new protected class without a basis in the text or legislative intent, which is what Cain is effectively asking the Court to do.

Moreover, as noted by Burger King, other federal courts have similarly declined to extend the FCRA to include a protection against association discrimination. *See Beatty v. United Parcel Serv., Inc.*, No. 2:15-cv-607-FtM-38CM, 2015 WL 7777520, at *2 (M.D. Fla. Dec. 3, 2015); *Lynn v. Lee Mem'l Health Sys.*, No. 2:15-cv-161-FtM-38, 2015 WL 4645369 at *2–*3 (M.D. Fla.

Aug. 4, 2015). Cain argues that the Court should follow *Gonzalez v. Wells Fargo Bank, N.A.*, No. 12-80937-CIV, 2013 WL 5435789 (S.D. Fla. Sept. 27, 2013) (Marra, J.) instead. Although the district court in *Gonzalez* did allow certain forms of the plaintiff's association discrimination claim to move forward, it did not go so far as to hold that the FCRA allowed for a claim for association discrimination, and instead assumed that was the case for its purposes. *Id.* at *8–*13. The Court does not find *Gonzalez* persuasive because the district court in that case did not address the issue before the Court today.

The Court concludes that the FCRA's plain language does not protect against association discrimination. The Court finds no basis to expand the FCRA to create such a protection.

**4. Conclusion**

Accordingly, the Court **grants** Burger King's motion to dismiss (**ECF No. 16**). The Court dismisses Count II of the Amended Complaint with prejudice. Cain shall file an amended complaint on or before **August 24, 2018**. Burger King's answer is due on or before **September 7, 2018**.

**Done and ordered**, at Miami, Florida, on August 13, 2018.

_____
Robert N. Scola, Jr.
United States District Judge